BARBARA ESTERBROOK, PLAINTIFF, v. PUBLIC SERVICE TRANSPORTATION COMPANY, DEFENDANT.

Submitted October term, 1927—Decided March 29, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the rule, *Henry H. Fryling.*

*Contra, William C. French.*

Per Curiam.

This is defendant's rule for new trial.

Defendant sets out four reasons for a new trial:

1 and 2. That the court refused to control the case by nonsuit or direction of a verdict for defendant.

3. That the verdict was against the weight of the evidence.

4. That the damages allowed were excessive.

Plaintiff was struck by a bus of the defendant company on a drizzly night, while crossing from the south side of Federal street to the north side of Market street, in the city of Camden, at the intersection of Tenth street. The two streets merge into one wide thoroughfare at that point. There were but three witnesses to the accident, plaintiff and one other for her, and the driver of the bus for the defendant. The street at the point is very wide, being practically of double width. The plaintiff had reached about the center of the street on the crosswalk when hit. Defendant's tracks run out Market street. Defendant's bus was coming in, or west, on the Market street half and turned to the left across the eastbound track, behind two buses going east, intending to go in Federal street, and as it did so came almost at once in collision with plaintiff. Plaintiff said she looked before starting across, but saw nothing, the drizzle obstructing a view for any considerable distance. No warning was given by the driver. Under the circumstances the trial judge was obliged to submit the case to the jury, and we think that the latter body was justified in finding the defendant liable.

The damages of $10,000, however, we think were excessive. The plaintiff was much shaken up and bruised. As a result an abscess formed at the base of the spine. This was treated and was cured at the end of six months. She suffered considerable pain and has a neuritic condition in the right arm which the doctor said might come from a previously broken left arm, but more probably from the present accident. She had a doctor's bill of $175 and was hampered in her housework. Conceding all that her proofs disclosed, we think the verdict is grossly excessive. If the plaintiff will accept $5,500 the rule will be discharged; otherwise it will be made absolute.